UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, | ) 3:10CV1233 |
| Petitioner, | ) |
| v. | ) JUDGE JOHN R. ADAMS |
| | ) (Mag. Judge Kenneth S. McHargh) |
| TIMOTHY BRUNSMAN, | ) |
| Warden, | ) |
| Respondent | ) REPORT AND |
| | ) <u>RECOMMENDATION</u> |

McHARGH, MAG. J.

The petitioner Lawrence Anderson ("Anderson") filed a petition for a writ of habeas corpus arising out of his 2007 convictions for rape and kidnapping in the Lucas County (Ohio) Court of Common Pleas. (Doc. 1.) The respondent filed a motion to dismiss, which argues that the petition should be dismissed as untimely. (Doc. 6, at 6-7.)

I. PROCEDURAL BACKGROUND

After a jury trial, Anderson was found guilty of charges of rape, kidnapping, and felonious assault, and sentenced to eighteen years to life imprisonment in a judgment entry dated Oct. 11, 2007. (Doc. 6, RX 4, 8.)

Anderson filed a timely notice of appeal. (Doc. 6, RX 9.) Anderson set forth four assignments of error:

    1.  Defendant received ineffective assistance of counsel.

    2.  Defendant was deprived of his constitutional right to a fair trial due to misleading testimony that the state failed to correct.

    3.  The trial court erred by denying defendant's motion for a new trial.

    4.  Defendant's right to a fair trial was violated by prosecutorial misconduct.

(Doc. 6, RX 10.)

On November 7, 2008, the court of appeals affirmed the judgment of the trial court. (Doc. 6, RX 12; State v. Anderson, No. L-07-1351, 2008 WL 4823345 (Ohio Ct. App. Nov. 7, 2008).) Anderson did not seek timely review by the Ohio Supreme Court.

On June 15, 2009, Anderson filed a notice of appeal, and a notice of delayed appeal, with the Supreme Court of Ohio. (Doc. 6, RX 13-14.) On July 29, 2009, the Supreme Court denied his motion for delayed appeal, and dismissed the case. (Doc. 6, RX 15; State v. Anderson, 122 Ohio St.3d 1476, 910 N.E.2d 476 (2009).)

Anderson filed this petition for a writ of habeas corpus on April 23, 2010. (Doc. 1, at 13.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

3

Anderson has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. STATUTE OF LIMITATIONS

The respondent argues that the petition should be dismissed because it was filed after the statute of limitations had expired. (Doc. 6, at 6-7.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for

certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).  However, a habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period.  Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

### A.  Direct appeal

The state court of appeals affirmed Anderson's conviction on November 7, 2008.  (Doc. 6, RX 12; Anderson, 2008 WL 4823345.)  Anderson did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1).  Thus, Anderson's conviction became "final" within the ordinary meaning of AEDPA on Dec. 22, 2008.  Searcy v. Carter, 246 F.3d 515, 517 (6th Cir.), cert. denied, 534 U.S. 905 (2001).  Accordingly, the statute of limitations for filing his habeas petition would have expired on Dec. 22, 2009.

### B.  Delayed appeal to state high court

Anderson filed a motion for leave to file a delayed appeal to the Supreme Court of Ohio on June 15, 2009.  (Doc. 6, RX 14.)  The filing of the motion for a delayed appeal is considered collateral review, which, if properly filed, tolls the running of the one-year period.  DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006);

Searcy, 246 F.3d at 519; Sanders v. Bobby, No. 5:07 CV 682, 2008 WL 276415, at *3 (N.D. Ohio Jan. 31, 2008). See generally Lawrence, 549 U.S. at 332.

The state high court denied leave to file a delayed appeal on July 29, 2009. (Doc. 6, RX 15; Anderson, 122 Ohio St.3d at 1476, 910 N.E.2d at 476.) Thus, the statute would have been tolled for forty-five days during the pendency of his motion for leave. The statute of limitations as tolled expired on Monday Feb. 8, 2010. Anderson's petition was not filed until April 23, 2010. (Doc. 1, at 13.)

Therefore his petition was untimely filed, after the one-year statute of limitations, as tolled, had expired.

## IV. EQUITABLE TOLLING

Anderson contends that his late-filed petition should be excused through equitable tolling. First, he asserts that Lawrence v. Florida does not apply to his situation, because his motion for delayed appeal should considered part of direct review. (Doc. 7.) He is mistaken. See, e.g., Lee v. Warden, Chillicothe Corr. Inst., No. 2:08CV415, 2009 WL 1911917, at *1 (S.D. Ohio June 30, 2009) (well-settled in Sixth Circuit that delayed appeal motion is considered collateral review); Sanders, 2008 WL 276415, at *2.

His second ground for equitable tolling "is that he is actually innocent of the charges against him." Essentially, he argues that the evidence at trial against him was not credible. (Doc. 7, at 2.) In addition, he claims that the victim (his girlfriend

6

at some point) sent a notarized statement to the trial court, and both counsel, prior to the trial, saying that she lied about the crime. Id. at 3. The record shows that contradictory statements by the victim were placed in evidence before the jury. (Doc. 6, RX 12, at 3-4; Anderson, 2008 WL 4823345, at *1-*2.)

Although Anderson now claims, without any evidence in support, that "the DNA taken from the alleged victim does not match the petitioner," doc. 7, at 2, his defense at trial was that there was consensual sexual intercourse between the two of them. See, e.g., doc. 6, RX 10, at iv, 2; doc. 6, RX 12, at 3; Anderson, 2008 WL 4823345, at *2.

To benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. Lawrence, 549 U.S. at 335; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare. Souter v. Jones, 395 F.3d 577, 590 (6th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)); King v. Bell, 378 F.3d 550, 553 (6th Cir. Aug. 3, 2004) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. ), cert. denied, 534 U.S. 1057 (2001)); see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

The Sixth Circuit has allowed for equitable tolling based on actual innocence under certain limited and extraordinary circumstances. McSwain v. Davis, No. 06-1920, 2008 WL 2744640 (6th Cir. July 15, 2008), cert. denied, 129 S.Ct. 2824 (2009);

Souter, 395 F.3d at 597-599. In Souter, the petitioner was able to point to new evidence, unavailable at the time of his trial, supporting a credible claim of actual innocence. See, e.g., Souter, 395 F.3d at 583-584. The threshold inquiry was whether the new facts raised sufficient doubt about the petitioner's guilt to undermine confidence in his conviction. Souter, 395 F.3d at 590 (quoting Schlup, 513 U.S. at 317). Souter stated:

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." [Schlup, 513 U.S. at 327]. The [Supreme] Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" Id. at 321, 115 S.Ct. 851.

Souter, 395 F.3d at 590; see also Maag v. Konteh, No. 3:05CV1574, 2006 WL 2457820, at *1 (N.D. Ohio Aug. 23, 2006).

It is Anderson's burden to show that this is "one of those extraordinary cases where a credible claim of actual innocence has been established by new evidence." McSwain, 2008 WL 2744640. The Supreme Court has emphasized that "the Schlup standard is demanding and permits review only in the 'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006) (citing Schlup, 513 U.S. at 327).

Anderson has failed to meet this burden. His arguments of actual innocence do not rely on new reliable evidence, but rather evidence already in the record. See doc. 7, at 2 ("The record is full with clear and convincing evidence of innocence"). In addition, the court notes that the state court of appeals determined that "the testimony of the law enforcement officers, Nurse Rawson, and the physical evidence provide overwhelming evidence of appellant's guilt." (Doc. 6, RX 12, at 7; Anderson, 2008 WL 4823345, at *3.)

Equitable tolling is not appropriate in this case.

RECOMMENDATION

The petition for a writ of habeas corpus should be dismissed as untimely filed.

Dated:   Feb. 11, 2011                    /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).