UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE ANDERSON, | ) | CASE NO. 3:10CV1233 |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | **ORDER AND DECISION** |
| TIMOTHY BRUNSMAN, Warden, | ) | |
| Respondent. | ) | |

On April 23, 2010, following his conviction and sentence, Petitioner Lawrence Anderson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1]. The matter was referred to Magistrate Judge McHargh for a Report and Recommendation ("the Report"). On October 1, 2010, Respondent Timothy Brunsman filed a motion to dismiss, arguing that Mr. Anderson's petition should be dismissed as untimely. Doc. 6. On November 1, 2010, Mr. Anderson filed a response to Mr. Brunsman's motion. Doc. 7. Magistrate Judge McHargh issued his Report on February 11, 2011, recommending that the Court dismiss Mr. Anderson's petition. Doc. 8. Specifically, Magistrate Judge McHargh concluded that Mr. Anderson untimely filed his petition and that he is not entitled to equitable tolling. Doc. 8 at 6, 9.

On April 27, 2011, Mr. Anderson filed his Objection to the Report. Doc. 12. Mr. Anderson's Objection to the Report is little more than an attempt to reargue his petition and response, restating his arguments regarding his failure to file a timely petition and his arguments regarding equitable tolling. *See* Doc 12. However, given the fact that Mr. Anderson is a pro se litigant, the Court has liberally construed his objections. After reviewing Mr. Anderson's

---

[1] Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts. *See Houston v. Lack,* 487 U.S. 266, 273 (1988).

objections, the Court hereby ADOPTS the Magistrate's Report and Recommendation and DISMISSES the petition for the reasons discussed below.

I.     FACTS

The Report adequately states the factual background and procedural history of this matter. Mr. Anderson has demonstrated no error in the background and history, so the Court will not reiterate those sections herein.

II.    STANDARD OF REVIEW

   A.     **Objections to a Magistrate Judge's Report and Recommendation**

If a party files written objections to a Magistrate Judge's Report the Court must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

   B.     **Petition for a Writ of Habeas Corpus**

Although the Court performs a de novo review of the portions of the Report to which Mr. Anderson objects, the same standard of review that applies to habeas petition applies to examining the merits of his objections. As noted in the Report, district courts apply a deferential standard of review when deciding whether to grant a writ of habeas corpus. Doc. 8 at 3. After the Antiterrorism and Effective Death Penalty Act of 1996, a writ of habeas corpus may only be issued if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the law. 28 U.S.C. § 2254(d)(1). Law is "clearly established" only by Supreme Court holdings, not including dicta, that existed at the time of Mr. Anderson's conviction. *Carey v. Musladin*, 549 U.S. 74, 74 (2006). The Report

correctly explains in detail what it means for a decision to be contrary to clearly established federal law or an unreasonable application of federal law. *See* Doc. 8 at 3.

### III. LAW AND ANALYSIS

**A. Petitioner's First Objection: His Petition is not Untimely Because His Motion for a Delayed Appeal to the Ohio Supreme Court Should be Considered Part of His Direct Appeal.**

Mr. Anderson's first objection asserts that his habeas petition is not untimely because his motion for a delayed appeal to the Ohio Supreme Court filed on June 15, 2009, should be considered part of his direct appeal. Doc. 12 at 1. "Direct review" for the purposes of 28 U.S.C. § 2244(d)(1) includes review of a state conviction by the United States Supreme Court. *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003). As such, Mr. Anderson claims he is entitled to an extra ninety days of tolling, the time allowed for filing for certiorari before the United States Supreme Court. This extra time would move the statute of limitations as tolled from February 8, 2010 to July 22, 2010. *See* Doc. 8 at 5-6. Mr. Anderson's petition would then be timely, as he filed it on April 23, 2010.

The Court agrees with the Report that a motion for a delayed appeal is a post conviction or collateral proceeding in the Sixth Circuit, and, therefore, it is not part of direct review. *See Sudberry v. Warden, S. Ohio Corr. Facility*, 626 F. Supp. 2d 767, 784 (S.D. Ohio February 4, 2009) (citing *DiCenzi v. Rose,* 452 F.3d 465, 468 (6th Cir. 2006)). As such, a habeas petitioner filing for such collateral relief is not entitled to the ninety-day certiorari period. *Lawrence v. Florida*, 549 U.S. 327, 334 (2007). Therefore, as correctly calculated in the Report, the statute of limitations expired on February 8, 2010, and Mr. Anderson's petition is untimely. *See* Doc 8 at 4-6. Accordingly, Mr. Anderson's objection on this ground is overruled.

      **B.**      **Petitioner's Second Objection: He is Entitled to Equitable Tolling Because of Ineffective Assistance of Appellate Counsel and the Clerk of the State Appellate Court's Failure to Timely Notify Him of the Appellate Court's Decision.**

Mr. Anderson argues as his second objection that his petition is untimely because his appellate counsel and the state court of appeals clerk caused him to miss the deadline to file a timely appeal to the Ohio Supreme Court. A timely appeal would have entitled him to the ninety-day certiorari period discussed above. Mr. Anderson does not raise these issues in either his petition or his response to Mr. Brunsman's motion to dismiss. *See* Doc. 1; Doc. 7. In fact, the reason Mr. Anderson gives in his petition for failing to timely appeal to the Ohio Supreme Court is allegedly inadequate access to a law library. Doc. 1 at 5. Issues raised for the first time in an Objection to a Magistrate Judge's Report are deemed waived. *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing, inter alia, *U.S. v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). As such, the Court need not consider the merits of Mr. Anderson's second objection. Accordingly, Mr. Anderson's second objection is overruled.

      **C.**      **Petitioner's Third Objection: He is Entitled to Equitable Tolling Because an Allegedly Notarized Statement Made by the Victim Prior to His Trial Supports a Credible Claim of Actual Innocence.**

As his third objection, Mr. Anderson disagrees with the Report's determination that he is not entitled to equitable tolling because his claim of actual innocence is not credible. In order to establish actual innocence, Mr. Anderson has the burden of proving that it is "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A credible claim of actual innocence requires Mr. Anderson to provide "new reliable evidence . . . that was not presented at trial." *Id.* at 327.

In an attempt to provide such evidence, Mr. Anderson asserts that the victim gave a notarized statement to both counsel prior to his trial, in which she recanted her previous

statements regarding the rape. The Court agrees with the Report that this alleged statement is not reliable in light of contradictory statements made by the victim that were introduced into evidence at trial. *See State v. Anderson*, 6th Dist. No. L-07-1351, 2008-Ohio-5791 at ¶¶ 8-12. Moreover, the Court finds no error in the state appellate court's determination that "the testimony of the law enforcement officers, Nurse Rawson, and the physical evidence provide overwhelming evidence of [Mr. Anderson's] guilt." *Id.* ¶ 19. Accordingly, the Court finds that Mr. Anderson fails to make a credible claim of actual innocence, and his objection on this ground is overruled.

### IV. CONCLUSION

For the reasons stated above, the Court finds no merit in the objections raised by Mr. Anderson and his objections are OVERRULED. Therefore, the Court hereby ADOPTS Magistrate Judge McHargh's Report and Recommendation. Accordingly, Mr. Anderson's petition for a writ of habeas corpus is hereby DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

June 28, 2011 /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT